**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**FAIRMONT SPECIALTY INSURANCE COMPANY,**                      **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO. 2:05cv396-KS-JMR**

**SMITH'S POULTRY & FARM SUPPLY, INC.
and WILLIAM WHITE, JR.**                                      **DEFENDANTS**

## ORDER DENYING MOTION TO TRANSFER VENUE

This matter is before the court on Defendant Smith's Poultry & Farm Supply's motion to transfer venue to state court, and the court, having reviewed the motion, the response, the submissions of the parties and applicable law, and being thus fully advised in the premises, FINDS that the motion should be denied. The court finds more specifically as follows:

Currently pending in the Circuit Court of Smith County, Mississippi is a suit filed in 1999 by William White, Jr. against Smith's Poultry & Farm Supply ("Smith's Poultry") alleging various causes of action arising from the design and construction of chicken houses. Fairmont Specialty Insurance Company ("Fairmont") issued general commercial liability policies to Smith's Poultry beginning in 1999 and through 2000. As the result of the suit filed against it in state court, Smith's Poultry made demand on Fairmont to provide it a defense and to indemnify it in the event of an adverse judgment. Seeking an adjudication that no coverage applies to White's claims and that it has no duty to defend, Fairmont brought this declaratory judgment action pursuant to 28 U.S.C. § 1332, alleging complete diversity between it–a Texas corporation–and the defendants–both Mississippi residents. By the instant motion, Smith's Poultry requests transfer of this action to the Circuit Court of Smith County so that it may be combined with the action pending there and asserts that the transfer is appropriate under 28 U.S.C. § 1359 and 28 U.S.C. § 1369(b). However, neither applies under the circumstances of this case.

According to 28 U.S.C. § 1359

> A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

Smith's Poultry does not explain, nor can the court determine, what possible application this provision has to the parties in this case or how either Smith's Poultry or White is not a proper party under Federal Rules of Civil Procedure 17 and 19. *See Ranger Ins. Co. v. United Housing of New Mexico,* 488 F.2d 682 (5th Cir. 1974) (applying rule 19 and affirming dismissal of declaratory judgment action in which the insurer did not join non-diverse claimants against the insureds).

The application of 28 U.S.C. § 1369 is even less apparent. That section may apply only in the very narrow circumstances of a civil action "that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location." Those are not the circumstances of this case.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Smith's Poultry & Farm Supply**'s Motion to Transfer Venue** [#9] is **DENIED**.

SO ORDERED AND ADJUDGED this the 12th day of May, 2006.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE